JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

19-2530

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Jeffrey Sherer

**DEFENDANTS**

First Federal Insurance Company

19 2530

**(b)** County of Residence of First Listed Plaintiff    Schuylkill
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Steele (Minn.)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James Haggerty, Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market St., Ste. 2700, Phila., PA 19103   267-350-6600

Attorneys *(If Known)*

Anthony L. Miscioscia, Konrad R. Krebs, White and Williams, LLP
1650 Market St., Ste. 1800, Phila., PA 19103   215-864-6356

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |     Liability   ☐ 368 Asbestos Personal | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     Student Loans | ☐ 340 Marine     Injury | | ☐ 840 Trademark |     Corrupt Organizations |
|     (Excludes Veterans) | ☐ 345 Marine Product     Product Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| |     Medical Malpractice |     Leave Act | |     Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) |     Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | |     26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | |     State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other   ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |     ☐ 560 Civil Detainee - | | | |
| |       Conditions of | | | |
| |       Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1   Original Proceeding
- ☒ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332; 28 U.S.C. 1441

Brief description of cause:
Declaratory Judgment; Insurance Coverage

**VII. REQUESTED IN COMPLAINT:**

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE              DOCKET NUMBER

JUN 10 2019

DATE
6/10/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

**JD**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19    2530**

DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 252 West Ridge Street, Coaldale, PA 18218 _____

Address of Defendant: _____ 12 E. Park Square, Owatonna, MN 55060 _____

Place of Accident, Incident or Transaction: _____ Philadelphia County PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 06/10/2019 _____     _____     319253

                               *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.    *Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Konrad R. Krebs _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☑ Relief other than monetary damages is sought.

**JUN 10 2019**

DATE: _____ June 10, 2019 _____     _____     319253

                               *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**JD**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Jeffrey Sherer | : | CIVIL ACTION |
| v. | : | **19   2530** |
| First Federal Insurance Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| 06/10/2019 | Konrad R. Krebs | First Federal Insurance Company |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-864-7018 | 215-789-7659 | krebsk@whiteandwilliams.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 10 2019

JD

#400

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SHERER<br>252 West Ridge Street<br>Coaldale, PA 18218 | CIVIL ACTION |
| Plaintiff, | 19      2530 |
| v. | |
| FEDERATED MUTUAL INSURANCE<br>COMPANY<br>121 E. Park Square<br>Owatonna, MN 55060 | |
| Defendant. | |

### NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332 and 1441, Federated Mutual Insurance Company ("Federated") hereby files this Notice of Removal and hereby gives notice that the action entitled Sherer v. Federated Mutual Insurance Co., Court of Common Pleas of Philadelphia County, May Term, 2019, No. 002153 ("the Sherer Action"), is hereby removed from the Court of Common Pleas of Philadelphia County, Pennsylvania to this Court. Federated's removal is based upon the following grounds:

1.     This action was commenced by the filing of a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed at May Term, 2019, No. 002153.

22930390v.1

2.      Defendant, Federated Mutual Insurance Company ("Federated") is exercising its rights under the provisions of 28 U.S.C. §1441 *et seq.*, to remove this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, in which this case is presently pending.

3.      The present lawsuit is removable from the state court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332(a) and §1441 because, as set forth herein, this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and Federated is not a citizen of Pennsylvania, the state in which this action is brought.

4.      Plaintiff, Jeffrey Sherer is adult individual citizen of the Commonwealth of Pennsylvania. See Complaint at paras. 1, attached as Exhibit A hereto.

5.      Defendant, Federated is a citizen of the State of Minnesota being a corporation organized under the laws of the State of Minnesota and having its principal place of business in Minnesota. See Complaint at para. 2.

6.      The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs -- as:

a.      Sherer seeks a declaration that Federated is "required to provide underinsured motorists benefits coverage to [him] under the policy of insurance issued by … Federated to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 2017 motor vehicle accident." See Class Complaint at paras. 39, 52, 66, Count I Whereas, Count II Whereas, Count III Whereas.

b.      Sherer alleges that "[t]he Federated Policy under which claim HAS been made for recover of underinsured motorist benefits provides $500,000.00 in underinsured motorists coverage to directors, officers, partners or owners of the named insured

- 2 -

and their family members qualify as insureds" and that the failure of Federated

"to provide underinsured motorist coverage for [him] is violative of the MVFRL."

See Complaint at paras. 46, 50.

c.    Sherer alleges that "State Farm Mutual automobile Insurance Company tendered

the $25,000 liability limit under the policy issued to Karalyn Dietrich. See

Complaint at para. 21.

d.    Sherer alleges in the Civil Cover Sheet that the amount in controversy is more

than $50,000.00. See Plaintiff's Complaint, Civil Cover Sheet.

7.    Plus, Sherer's own, individual medical bills/damages related to his motor vehicle

accident exceed $75,000, exclusive of interest and costs.   See Affidavit of David Nichols,

attached as Exhibit B hereto.

8.    As such, this Court has original jurisdiction over this matter pursuant to 28 U.S.C.

§1332(a) and thus this action is subject to removal pursuant to 28 U.S.C. §1441.

9.    The United States District Court for the Eastern District of Pennsylvania is the

district and division embracing the place where the Sherer Action is pending, Philadelphia

County. See 28 U.S.C. § 1441(a).

10.    Pursuant to the provisions of 28 U.S.C. § 1446(a), Federated has attached

herewith and incorporates by reference copies of all process and pleadings served upon

Federated as of June 10, 2019 (namely, the Complaint). See Exhibit A (Complaint received by

Federated) hereto.

11.    This Notice of Removal is timely in accordance with the requirements of

28 U.S.C. § 1446(b), as it has been filed within thirty (30) days after receipt by Federated of a

copy of the initial pleading in this case, the Complaint.

12.     Sherer filed his Complaint on May 21, 2019.  See Exhibit A hereto, file-stamped copy of Sherer's Complaint.

13.     On May 24, 2019, Federated received a letter dated May 20, 2019, enclosing a copy of the Complaint which is attached at Exhibit A hereto.  See Exhibit C hereto, attaching transmittal letter and envelope.

14.     As such, this Notice of Removal has been filed in a timely fashion.

15.     Federated will provide immediate notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

16.     Federated also will file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania as required by 28 U.S.C. §1446(d), once a time-stamped copy of the Removal papers is received and can be included in the materials to be submitted to the state court.

**WHEREFORE,** defendant Federated Mutual Insurance Company provides notice that the action presently pending against it in the Court of Common Pleas of Philadelphia County, Pennsylvania, has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BY:_____

Anthony L. Miscioscia, Esq.
Konrad R. Krebs, Esq.
**WHITE AND WILLIAMS LLP**
One Liberty Place | 1650 Market St.
Suite 1800
Philadelphia, PA 19103
(215)851-7000
miscisciaa@whiteandwilliams.com
*Attorneys for Defendant,*
*Federated Mutual Insurance Company*

- 4 -

Dated: June 10, 2019

22930390v.1

# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2019**

E-Filing Number: 1905048289

**002153**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JEFFREY SHERER | FEDERATED MUTUAL INSURANCE COMPANY |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 252 WEST RIDGE STREET COALDALE PA 18218 | 121 EAST PARK SQUARE OWATONNA MN 55060-0328 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☒ Complaint     ☐ Petition Action     ☐ Notice of Appeal<br>☐ Writ of Summons     ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2V -- MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY** <br> MAY 21 2019 <br> A. SILIGRINI | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JEFFREY SHERER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JAMES C. HAGGERTY | 1835 MARKET STREET SUITE 2700 PHILADELPHIA PA 19103 |
| **PHONE NUMBER** (267) 350-6600 | **FAX NUMBER** (215) 665-8201 | |
| **SUPREME COURT IDENTIFICATION NO.** 30003 | **E-MAIL ADDRESS** jhaggerty@hgsklawyers.com |
| **SIGNATURE OF FILING ATTORNEY OR PARTY** JAMES HAGGERTY | **DATE SUBMITTED** Tuesday, May 21, 2019, 10:01 am |

FINAL COPY (Approved by the Prothonotary Clerk)

469715

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
PENNSYLVANIA

*Filed and Attested by the
Office of Judicial Records
21 ... am*

| | | |
|---|---|---|
| JEFFREY SHERER | : | |
| 252 West Ridge Street | : | |
| Coaldale, PA 18218 | : | |
| | : | |
| | : | TERM, 2019 |
| vs. | : | |
| | : | NO. |
| FEDERATED MUTUAL INSURANCE | : | |
| COMPANY | : | |
| 121 East Park Square | : | |
| Owatonna, MN  55060-0328 | : | |

## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION
SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-1701

### AVISO

Le han demando a usted en la corte. Si usted quiere defenderse de estas demandos expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder diner o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACIÓN DE LA LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E INFORMACIÓN
LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

Case ID: 190502153

469715

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY,
PENNSYLVANIA

JEFFREY SHERER                      :
252 West Ridge Street          :
Coaldale, PA 18218            :
                                 :
        vs.                 :          TERM, 2019
                                 : NO.
FEDERATED MUTUAL INSURANCE   :
COMPANY                    :
121 East Park Square          :
Owatonna, MN 55060-0328    :

## CIVIL ACTION –COMPLAINT SEEKING DECLARATORY RELIEF

### Parties

1.     The plaintiff, Jeffrey Sherer, is an adult individual citizen and resident of the Commonwealth of Pennsylvania residing at 252 West Ridge Street, Coaldale, Schuylkill County, Pennsylvania.

2.     The defendant, Federated Mutual Insurance Company ("Federated"), is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Owatonna, Minnesota, being duly authorized to and conducting business in the Commonwealth of Pennsylvania.

3.     The defendant, Federated, regularly and routinely conducts business in the City and County of Philadelphia, Commonwealth of Pennsylvania.

4.     In the present action, the plaintiff, Jeffrey Sherer, seeks a declaration that he is entitled to recover underinsured motorist benefits from the defendant, Federated, under a Business Auto Policy issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in an April 10, 2017 motor vehicle accident.

**1**



### Accident

5.      At all times material hereto, the plaintiff, Jeffrey Sherer, was an employee of Peter J. Radocha & Sons, Inc., acting within the course and scope of that employment.

6.      On April 10, 2017, the plaintiff, Jeffrey Sherer, was operating a vehicle owned by his employer, Peter J. Radocha & Sons, Inc., in the course and scope of his employment.

7.      On April 10, 2017, the plaintiff, Jeffrey Sherer, was operating his employer's vehicle on SR 209 in Mahoning Township, Carbon County, Pennsylvania when he was struck by a motor vehicle operated by Karalyn Dietrich in a negligent and careless manner.

8.      The April 10, 2017 motor vehicle accident was caused by the negligence and carelessness of Karalyn Dietrich.

9.      The plaintiff, Jeffrey Sherer, sustained serious and permanent injuries in the April 10, 2017 motor vehicle accident.

10.     The serious and permanent injuries sustained by Jeffrey Sherer in the April 10, 2017 motor vehicle accident were caused by the negligence and carelessness of Karalyn Dietrich.

### Insurance Coverage (Liability)

11.     At the time of the April 10, 2017 accident, the vehicle owned and operated by Karalyn Dietrich, was insured by State Farm Mutual Automobile Insurance Company.

12.     At all times material hereto, there existed, in full force and effect, a Personal Auto Policy issued by State Farm Mutual Automobile Insurance Company to Karalyn Dietrich providing coverage for the vehicle involved in the April 10, 2017 motor vehicle accident.

13.     The policy issued by State Farm Mutual Automobile Insurance Company to Karalyn Dietrich provided coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. ("MVFRL" and "Financial Responsibility Law").

**2**

14.     The policy issued by State Farm Mutual Automobile Insurance Company to Karalyn Dietrich provided, *inter alia*, $25,000 in liability coverage.

### Insurance Coverage (Underinsured Motorist)

15.     Under the MVFRL, the primary source of payment of underinsured motorist benefits is the policy insuring the vehicle in which the motor vehicle accident victim is a passenger. 75 Pa.C.S.A. § 1733.

16.     At the time of the April 10, 2017 motor vehicle accident, there existed, in full force and effect a Business Auto Policy issued by the defendant, Federated, to Peter J. Radocha & Sons, Inc. ("Federated Policy").

17.     The Federated Policy provided coverage in accordance with the MVFRL.

18.     The Federated Policy provided coverage for the vehicle being operated by the plaintiff, Jeffrey Sherer, at the time of the April 10, 2017 motor vehicle accident.

19.     The Federated Policy provided the following underinsured motorist coverage:

    (a)     $500,000.00 for Directors, Officers, Partners or Owners of the named insured and their family members qualifying as insured; and

    (b)     no coverage for other persons qualifying as insureds.

True and correct copies of the Declarations Pages, Pennsylvania Underinsured Motorist Coverage — Non-Stacked Endorsement, the Uninsured and Underinsured Motorist Limit of Insurance Endorsement and the Pennsylvania Commercial Automobile Underinsured Motorist Protection Option Form are attached hereto and marked Exhibits "A", "B", "C" and "D".

**3**

## Tort Claim

20.     Following the April 10, 2017 motor vehicle accident, the plaintiff, Jeffrey Sherer, made claim upon Karalyn Dietrich and State Farm Mutual Automobile Insurance Company seeking recovery of damages in tort.

21.     Following receipt of the claim for recovery of damages in tort, State Farm Mutual Automobile Insurance Company tendered the $25,000 liability limit under the policy issued to Karalyn Dietrich.

22.     The liability limit of coverage under the policy of insurance issued by State Farm Mutual Automobile Insurance Company to Karalyn Dietrich is insufficient to compensate the plaintiff, Jeffrey Sherer, for the injuries and damages sustained in the April 10, 2017 motor vehicle accident.

## Underinsured Motorist Claim

23.     Following the April 10, 2017 motor vehicle accident, the plaintiff, Jeffrey Sherer, made claim upon Federated seeking recovery of underinsured motorist benefits under the policy of insurance issued to Peter J. Radocha & Sons, Inc.

24.     Following receipt of the claim for recovery of underinsured motorist benefits, the defendant, Federated, denied the claim of the plaintiff, Jeffrey Sherer, for recovery of underinsured motorist benefits on the basis that the policy provided no underinsured coverage for him.

25.     By letter dated November 13, 2018, Bruce Lemna, Claim Team Supervisor of the defendant, Federated, wrote to counsel for the plaintiff, Jeffrey Sherer, stating, in part:

> Radocha Peter J & Sons, Inc. did not carry any underinsured motorist coverage for Mr. Sherer on the date of the loss.  I have attached the Policy Declarations Pages, the Schedule of Forms and Endorsement Page and Policy Endorsements CA 21 93 and CA-F-93 that

4

pertain specifically to underinsured motorist coverage. As the attached forms show, Radocha Peter J & Sons, Inc. carried no underinsured motorist coverage for "insureds" who are not directors, officers, partners or owners of the named insured and their "family members" as defined in the policy.

I have also attached a copy of Pennsylvania Commercial Automobile Underinsured Motorist Protection Option Form, which documents the coverage option chosen by the Radocha account.

A true and correct copy of the November 13, 2018 letter is attached hereto and marked Exhibit "E".

## COUNT I

26.     The plaintiff, Jeffrey Sherer, hereby incorporates by reference the foregoing Paragraphs 1 through 25 of this Complaint as though same were fully set forth herein.

27.     The Federated Policy provided coverage in accordance with the Motor Vehicle Financial Responsibility Law.

28.     The defendant, Federated, contends that underinsured motorist coverage under the Federated Policy was waived in accordance with the Financial Responsibility Law.

29.     Under the Financial Responsibility Law, underinsured motorist coverage may be waived provided a specific form is used.

30.     Section 1731(c) of the Financial Responsibility Law provides:

(c) Underinsured motorist coverage.- Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage be signing the follow written rejection form:

REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not

5

have enough insurance to pay for *all* losses and damages . I knowingly and
voluntarily reject this coverage.

75 Pa.C.S.A. § 1731(c) (emphasis added).

    32.    Failure to use the specific form of the waiver requested by the Financial

Responsibility Law requires the insurer to provide underinsured motorist coverage in the amount

equal to the liability coverage of the policy.

    33.    Section 1731(c.1) of the MVFRL provides:

    (c.1) Form of waiver.- Insurers shall print the rejection forms required by
subsections (b) and (c) on separate sheets in prominent type and location. The forms must
be signed by the first named insured and dated to be valid. The signatures on the forms
may be witnessed by an insurance agent or broker. Any rejection form that does not
specifically comply with this section is void. If the insurer fails to produce a valid rejection
form, uninsured or underinsured coverage, or both, as the case may be, under that policy
shall be equal to the bodily injury liability limits. On polices in which either uninsured or
underinsured coverage has been rejected, the policy renewals must contain notice in
prominent type that the policy does not provide protection against damages caused by
uninsured or underinsured motorists. Any person who executes a waiver under subsection
(b) or (c) shall be precluded from claiming liability of any person based upon inadequate
information.

75 Pa.C.S.A. § 1731(c.1).

    34.    The form used by the defendant, Federated, for the waiver of underinsured motorist

coverage under the Federated Policy provides:

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this
policy, for myself and all relatives residing in my household.  Underinsured
coverage protects me and relatives living in my household  for losses and
damages suffered if injury is caused by the negligence of a driver who does not
have enough insurance to pay for losses and damages . I knowingly and
voluntarily reject this coverage.

                                                 _____

                                               Signature of First Named Insured

                                             _____

**6**

Date

See Exhibit "D".

35.     The form used by the defendant, Federated, for the waiver of underinsured motorist coverage under the Federated Policy does not specifically comply with the requirements of the Motor Vehicle Financial Responsibility Law, namely the word *all* is omitted from the form.

36.     The defendant, Federated, is required to provide underinsured motorist benefits under the Federated Policy by reason of the use of a form which does not specifically comply with the statutory mandate.

37.     The failure of the defendant, Federated, to provide underinsured motorist coverage for the plaintiff, Jeffrey Sherer, is violative of the MVFRL.

38.     Jeffrey Sherer is entitled to a declaration that he is eligible to recover underinsured motorist benefits from the defendant, Federated, under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

39.     The plaintiff, Jeffrey Sherer, requests a declaration that the defendant, Federated, is required to provide underinsured motorist coverage to the plaintiff, Jeffrey Sherer under the policy of insurance issued by the defendant, Federated, to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

40.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

41.     The controversy involves substantial rights of the parties to the action.

42.     A judgment of this court in this action will also be useful for the purpose of

7

clarifying and settling the legal relations at issue between the parties.

43.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

44.     The plaintiff, Jeffrey Sherer, is entitled to a declaration of coverage as well as any other relief authorized by law as the Court deems appropriate.

WHEREFORE, the plaintiff, Jeffrey Sherer, respectfully requests the Court enter an Order declaring that the defendant, Federated Mutual Insurance Company, is required to provide to the plaintiff, Jeffrey Sherer, underinsured motorist benefits under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

<u>COUNT II</u>

45.     The plaintiff, Jeffrey Sherer, hereby incorporates by reference the foregoing Paragraphs 1 through 44 of this Complaint as though same were fully set forth herein.

46.     The Federated Policy under which claim has been made for recovery of underinsured motorist benefits provides $500,000.00 in underinsured motorist coverage to directors, officers, partners or owners of the named insured and their family members who qualify as insureds.

47.     The Federated Policy under which claim has been made for recovery of underinsured motorist benefits provides no underinsured motorist coverage for any other persons qualifying as insureds.

48.     The two tier system created by the Federated Policy is violative of the MVFRL.

49.     Under the MVFRL, a named insured may not reject underinsured motorist coverage for some eligible claimants while providing underinsured motorist coverage for other eligible claimants.

50.     The failure of the defendant, Federated, to provide underinsured motorist coverage for the plaintiff, Jeffrey Sherer, is violative of the MVFRL.

51.     Jeffrey Sherer is entitled to a declaration that he is eligible to recover underinsured motorist benefits from the defendant, Federated, under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

52.     The plaintiff, Jeffrey Sherer, requests a declaration that the defendant, Federated, is required to provide underinsured motorist coverage to the plaintiff, Jeffrey Sherer under the policy of insurance issued by the defendant, Federated, to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

53.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

54.     The controversy involves substantial rights of the parties to the action.

55.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

56.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

57.     The plaintiff, Jeffrey Sherer, is entitled to a declaration of coverage as well as any other relief authorized by law as the Court deems appropriate.

WHEREFORE, the plaintiff, Jeffrey Sherer, respectfully requests the Court enter an

Order declaring that the defendant, Federated Mutual Insurance Company, is required to provide to the plaintiff, Jeffrey Sherer, underinsured motorist benefits under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

## COUNT III

58.     The plaintiff, Jeffrey Sherer, hereby incorporates by reference the foregoing Paragraphs 1 through 57 of this Complaint as though same were fully set forth herein.

59.     The Federated Policy under which claim has been made for recovery of underinsured motorist benefits provides $500,000.00 in underinsured motorist coverage to directors, officers, partners or owners of the named insured and their family members who qualify as insureds.

60.     The Federated Policy under which claim has been made for recovery of underinsured motorist benefits provides no underinsured motorist coverage for any other persons qualifying as insureds.

61.     The plaintiff, Jeffrey Sherer, was never advised by the defendant, Federated, that the policy of insurance issued by the defendant, Federated, which insured the vehicle he was operating at the time of the April 10, 2017 accident while in the course and scope of his employment did not provide underinsured motorist coverage for him.

62.     The plaintiff, Jeffrey Sherer, was never advised by his employer, Peter J. Radocha & Sons, Inc., that the policy of insurance issued by the defendant, Federated, and insuring the vehicle was operating at the time of the April 10, 2017 accident while in the course and scope of his employment did not provide underinsured motorist coverage for him.

63.     The MVFRL contemplates a knowing and voluntary waiver of underinsured

10

motorist coverage; the failure to advise the plaintiff, Jeffrey Sherer, that the vehicle he was operating for his employer at the time of the accident is violative of the MVFRL and the public policy of the Commonwealth of Pennsylvania.

64.     The failure of the defendant, Federated, and/or the named insured, Peter J. Radocha & Sons, Inc., to advise the plaintiff, Jeffrey Sherer, of the fact that the policy of insurance in question did not provide underinsured motorist coverage to him while operating vehicles in the course and scope of his employment is violative of the MVFRL and the public policy of the Commonwealth of Pennsylvania.

65.     The plaintiff, Jeffrey Sherer, is entitled to a declaration that he is eligible to recover underinsured motorist benefits from the defendant, Federated, under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

66.     The plaintiff, Jeffrey Sherer, requests a declaration that the defendant, Federated, is required to provide underinsured motorist coverage to the plaintiff, Jeffrey Sherer under the policy of insurance issued by the defendant, Federated, to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

67.     The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

68.     The controversy involves substantial rights of the parties to the action.

69.     A judgment of this court in this action will also be useful for the purpose of clarifying and settling the legal relations at issue between the parties.

70.     A judgment of this court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

71.    The plaintiff, Jeffrey Sherer, is entitled to a declaration of coverage as well as any other relief authorized by law as the Court deems appropriate.

WHEREFORE, the plaintiff, Jeffrey Sherer, respectfully requests the Court enter an Order declaring that the defendant, Federated Mutual Insurance Company, is required to provide to the plaintiff, Jeffrey Sherer, underinsured motorist benefits under the policy of insurance issued to Peter J. Radocha & Sons, Inc. in connection with injuries sustained in the April 10, 2017 motor vehicle accident.

HAGGERTY, GOLDBERG, SCHLEIFER
& KUBERSMITH, P.C.

BY:

JAMES C. HAGGERTY, Esquire
I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600

SCHMIDT KRAMER PC

BY:

Scott B. Cooper, Esq.
Supreme Court I.D. # 70242
209 State Street
Harrisburg, PA 17101
717-232-6300

Attorneys for Plaintiff

**12**

08/13/2013  18:49    15706459672          PETERJRADOCHA                 PAGE  01/01

## VERIFICATION

I, Jeffrey Sherer, do hereby verify that the statements made in the foregoing Complaint are true and correct.   I understand that false statements made herein are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_Jeffrey Sherer_

DATED:

EXHIBIT A

Accepted Internal Copy - fonts and format may vary from original
POL


**FEDERATED**
INSURANCE

FEDERATED MUTUAL INSURANCE COMPANY
121 East Park Square, Owatonna, MN 55060
(507) 455-5200

## COMMON POLICY DECLARATIONS
## COMMERCIAL PACKAGE POLICY

MUTUAL COMPANY PARTICIPATING NONASSESSABLE POLICY

Policy No. 9176766

Account No. 131-261-7

**NAMED INSURED AND MAILING ADDRESS**

RADOCHA PETER J & SONS INC
113 EAST WATER STREET
COALDALE PA 18218

**RISK ADDRESS (if different than above):**

POLICY PERIOD: from 03-28-2017     to  03-28-2018     12:01 A.M. Standard time at the designated business premises.

BUSINESS OPERATIONS:
ENTITY TYPE: Corporation

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL TERMS OF THE POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THE POLICY.
THIS POLICY CONSISTS OF ONLY THOSE COVERAGE PARTS SHOWN BELOW. THE PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

   COMMERCIAL PROPERTY COVERAGE PART
   COMMERCIAL INLAND MARINE COVERAGE PART
   COMMERCIAL GENERAL LIABILITY COVERAGE PART
   COMMERCIAL CRIME COVERAGE PART
   BUSINESS AUTO COVERAGE PART

CERTIFIED ACTS OF TERRORISM PREMIUM:                     $54
                    TOTAL PROVISIONAL PREMIUM     As Billed

THIS POLICY DOES NOT COVER COLLISION DAMAGE TO RENTAL VEHICLES.

IL-F-1 (01-17)          Policy Number: 9176766          Transaction Effective Date: 04-10-2017

Case ID: 190502153

Federated Internal Copy – fonts and format may vary from original

**FORMS APPLICABLE TO ALL COVERAGE PARTS:**

| | |
|---|---|
| IL-F-25 (07-95) | IL 02 48 (09-07) |
| IL 00 17 (11-98) | IL 09 10 (07-02) |
| IL-F-38 (02-16) | |
| IL 09 52 (01-18) | |
| IL 09 99 (01-07) | |
| CF-F-18 (01-88) | |
| IL 00 21 (09-08) | |
| IL 09 35 (07-02) | |
| IL-F-27 (08-94) | |
| IL 01 20 (10-13) | |
| IL 01 66 (09-07) | |
| IL 01 72 (09-07) | |

**MUTUALS - PARTICIPATION CLAUSE WITHOUT CONTINGENT LIABILITY: No Contingent Liability:**
This policy is nonassessable. The policyholder is a member of the Company and shall participate, to the extent and upon the conditions fixed and determined by the Board of Directors in accordance with the provisions of law, in the distribution of dividends so fixed and determined.

**MUTUAL - MEMBERSHIP AND VOTING NOTICE:**
The insured is notified that by virtue of this policy, he or she is a member of the Federated Mutual Insurance Company of Owatonna, Minnesota, and is entitled to vote either in person or by proxy at any and all meetings of said Company. The Annual Meetings are held in its Home Office in Owatonna, Minnesota, on the third Tuesday of April in each year at ten o'clock A.M.

In Witness Whereof, the Company has caused this policy to be executed and attested.

SECRETARY                      PRESIDENT

This Policy consists of: (1) this Declarations; (2) if attached hereto, the Schedule of Surcharges; (3) the Declarations and coverage forms for each Coverage Part indicated above as being part of this Policy; and (4) all forms and endorsements listed on any of those Declarations.

Page 2 of 2

IL-F-1 (01-17)        Policy Number: 9178766        Transaction Effective Date: 04-10-2017

Case ID: 190502153

Federated Internal Copy   facts and format may vary from original
CA



**FEDERATED MUTUAL INSURANCE COMPANY**
121 East Park Square, Owatonna, MN 55060

## DECLARATIONS
### BUSINESS AUTO COVERAGE PART

**ITEM ONE** - NAMED INSURED and Address - Refer to COMMON POLICY DECLARATIONS

**ITEM TWO** - SCHEDULE OF COVERAGES AND COVERED AUTOS

This coverage part provides only those coverages for which an "X" is shown in the Coverages Provided Column below. Each of these coverages will apply to those "autos" shown as covered "autos". "Autos" are shown as covered "autos" (for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form.

| COVERAGES | COVERED AUTOS (Entry of one or more symbols shows which "autos" are covered "autos") | LIMIT THE MOST WE WILL PAY FOR ANY ONE ACCIDENT OR LOSS | COVERAGES PROVIDED |
|---|---|---|---|
| Covered Autos Liability | 1 | $1,000,000 | X |
| Personal Injury Protection (or equivalent No-fault coverage) | 5 | Separately stated in each P.I.P. Endorsement | X |
| Added Personal Injury Protection or (or equivalent No-fault coverage) | | Separately stated in each Added P.I.P. Endorsement | |
| Property Protection Insurance (Michigan only) | | Separately stated in the P.P.I. Endorsement $ Deductible (Nil if nothing shown) | |
| Auto Medical Payments | | | X |
| Uninsured Motorists | 2A | SEE CA-F-93 | X |
| Underinsured Motorists | 2A | SEE CA-F-93 | X |
| Physical Damage Comprehensive Coverage | 2A 11 | Actual Cash Value or Cost of Repair, whichever is less, minus the deductible stated in the auto schedule for each covered "auto", but no deductible applies to "loss" caused by fire or lightning. | X |
| Physical Damage Specified Causes of Loss Coverage | | Actual Cash Value or Cost of Repair, whichever is less, minus $25 Deductible for each covered "auto" for "loss" caused by mischief or vandalism. | |
| Physical Damage Collision Coverage | 2A 11 12 | Actual Cash Value or Cost of Repair, whichever is less, minus the deductible stated in the auto schedule for each covered "auto". | X |

**DESCRIPTION OF ADDITIONAL COVERED AUTO DESIGNATION SYMBOLS**

Symbol 10 =
Symbol 11 = EXCLUDING 2000 CHEV CAVALIER #1921 & 1993 INTL FUEL TRK #3003
Symbol 12 = EXCL 89 FORD #2745, 85 MAC #2686, 84 FORD #9504
Symbol 13 =

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

CA-F-1 (01-17)            Policy Number: 9175786            Transaction Effective Date: 04-10-2017

Case ID: 190502153

Federated Internal Copy - fonts and format may vary from original
CA

## SCHEDULE OF FORMS AND ENDORSEMENTS

| Title as on Form or Endorsement | Form Edition |
| --- | --- |
| Declarations - Business Auto Coverage | CA-F-1 (01-17) |
| Automobile Schedule - Part 1 | CA-F-70 PT.1 (11-01) |
| Business Auto Coverage Form | CA 00 01 (10-13) |
| Additional Insured (Lessor) with Loss Payable Clause | CA-F-33 (10-13) |
| Additional Insured Endorsement | CA-F-75 (10-13) |
| Loss Payable Clause And Certificate | CA-F-9 (06-93) |
| Deductible Liability Coverage | CA 03 02 (10-15) |
| Pennsylvania Uninsured Motorists Coverage - Nonstacked | CA 21 92 (10-13) |
| Pennsylvania Underinsured Motorists Coverage - Nonstacked | CA 21 93 (10-13) |
| Uninsured and Underinsured Motorists Limit of Insurance | CA-F-93 (10-13) |
| Pennsylvania Basic First Party Benefit | CA 22 37 (10-13) |
| Wrong Delivery of Liquid Products | CA 23 06 (10-13) |
| Exclusion of Terrorism Involving Nucl, Bio, or Chem Terrorism | CA 23 85 (10-13) |
| Silica or Silica-Related Dust Exclusion for Covered Autos Exposure | CA 23 94 (10-13) |
| Pollution Liability - Broadened Coverage For Covered Autos - Business Auto | CA 99 48 (10-13) |
| Drive Other Car Coverage - Broadened Coverage For Named Individuals | CA 99 10 (10-13) |
| Named Individuals - Broadened First Party Benefits (PA) | CA-F-68 (PA) (10-13) |
| Garagekeepers Coverage Deductible Amendment Endorsement | CA-F-84 (03-10) |
| Garagekeepers Coverage | CA 99 37 (10-13) |
| Garagekeepers Coverage - Excess or Primary Insurance Options Amended | CA-F-114 (01-10) |
| Limited Worldwide Coverage for Hired Autos | CA-F-115 (10-13) |
| Blanket Waiver Of Transfer Of Rights Of Recovery | CA-F-128 (03-09) |
| Primary and Non-Contributory Clause Endorsement | CA-F-129 (10-13) |
| Combined Physical Damage and Cargo Deductible | CA-F-136 (07-10) |
| Loss To Customers' Personal Property | CA-F-21 (09-92) |
| Endorsement For Motor Carrier Policies | MCS-90 (09-09) |
| Limited Mexico Coverage | CA 01 21 (10-13) |
| Pennsylvania Changes | CA 01 80 (08-16) |
| Loss Payment Options - Physical Damage Coverage | CA-F-107 (11-01) |
| Summary Of State Minimum Auto Liability Limits | CA-F-118 (11-01) |
| Crane Load Capacity Exclusion | CA-F-124 (10-13) |
| Business Auto Amendatory Endorsement | CA-F-5 (10-13) |

Case ID: 190502153

# EXHIBIT B

: generated Internal Copy - fonts and format may vary from original

CA

POLICY NUMBER: 9178780

COMMERCIAL AUTO
CA 21 63 10 13

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# PENNSYLVANIA UNDERINSURED MOTORISTS COVERAGE - NONSTACKED

For a covered "motor vehicle" licensed or principally garaged in, or "auto dealer operations" conducted in, Pennsylvania, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the policy effective on the inception date of the policy unless another date is indicated below.

| Named Insured: |
| --- |
| Endorsement Effective Date: 04-10-2017 |

### SCHEDULE

| Limit Of Insurance: | $ SEE DECLARATIONS | Each "Accident" |
| --- | --- | --- |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of an "underinsured motor vehicle".

2. We will pay under this coverage only if Paragraph a. or b. below applies:

   a. The limits of any applicable liability bonds or policies have been exhausted by payment of judgments or settlements; or

   b. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

      (1) Have been given prompt written notice of such tentative settlement; and

      (2) Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

3. No judgment for damages arising out of a "suit" brought against the owner or operator of an "underinsured motor vehicle" is binding on us unless we:

   a. Received reasonable notice of the pendency of the "suit" resulting in the judgment; and

   b. Had a reasonable opportunity to protect our interests in the "suit".

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":

   a. The Named Insured and any "family members".

© Insurance Services Office, Inc., 2012

Case ID: 190502153

Federated Internal Copy - fonts and format may vary from original
CA

b. Anyone else "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any disability benefits or similar law, except workers' compensation law.

2. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

3. Punitive or exemplary damages.

4. "Bodily injury" sustained by:

a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

5. "Bodily injury" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

D. Limit Of Insurance

1. Regardless of the number of covered "motor vehicles", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form, Medical Payments Coverage endorsement or Uninsured Motorists Coverage endorsement attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any disability benefits or similar law, except workers' compensation law.

E. Changes In Conditions

The Conditions are changed for Pennsylvania Underinsured Motorists Coverage Nonstacked as follows:

1. Duties In The Event Of Accident, Claim, Suit Or Loss in the Business Auto and Motor Carrier Coverage Forms and Duties In The Event Of Accident, Claim, Offense, Suit, Loss Or Acts, Errors Or Omissions in the Auto Dealers Coverage Form are changed by adding the following:

a. Promptly send us copies of the legal papers if a "suit" is brought.

b. A person seeking Underinsured Motorists Coverage must also promptly notify us, in writing, of a tentative settlement between the "insured" and the insurer of the "underinsured motor vehicle" and allow us 30 days to advance payment to the "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "underinsured motor vehicle".

© Insurance Services Office, Inc., 2012   CA 21 63 10 13

Case ID: 190502153

Federated Internal Copy - fonts and format may vary from original

CA

2. **Legal Action Against Us** is replaced by the following:

**Legal Action Against Us**

a. No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.

b. Any legal action against us under this Coverage Form must be brought within four years after the date on which the "insured" either settles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle".

c. Paragraph 2.b. above of this condition does not apply if, within four years after the date on which the "insured" either settles with, or receives a judgment against, the owner or driver of the "underinsured motor vehicle":

 (1) We or the "insured" has made a written demand for arbitration in accordance with the provisions of this endorsement or

 (2) The "insured" has filed an action for "bodily injury" against the owner or operator of the "underinsured motor vehicle" and such action is:

  (a) Filed in a court of competent jurisdiction and

  (b) Not barred by the applicable state statute of limitations.

In the event that the four-year time limitation identified in this condition does not apply, the applicable state statute of limitations will govern legal action against us under this Coverage Form.

3. **Transfer Of Rights Of Recovery Against Others To Us** is changed by adding the following:

If we make any payment due to an "accident" involving an "underinsured motor vehicle" and the "insured" recovers from another party in a separate claim or "suit", the "insured" shall hold the proceeds in trust for us and pay us back the amount we have paid less reasonable attorneys' fees, costs and expenses incurred by the "insured" to the extent such payment duplicates any amount we have paid under this coverage.

Our rights do not apply under this provision with respect to Underinsured Motorists Coverage if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and

b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification:

a. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and

b. We also have a right to recover the advanced payment.

4. **Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and **Other Insurance - Primary And Excess Insurance Provisions** in the Motor Carrier Coverage Form are replaced by the following:

a. If there is other applicable similar insurance available under more than one Coverage Form or policy, the following priorities of recovery apply:

| First | The Underinsured Motorists Coverage applicable to the vehicle the "insured" was "occupying" at the time of the "accident". |
| Second | The Coverage Form or policy affording Underinsured Motorists Coverage to the "insured" as an individual Named Insured or "family member". |

b. Where there is no applicable insurance available under the first priority, the maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

© Insurance Services Office, Inc., 2012

Case ID: 190502153

Federated Internal Copy - fonts and format may vary from original

CA

c. Where there is applicable insurance available under the first priority:

   (1) The Limit of Insurance applicable to the vehicle the "insured" was "occupying" under the Coverage Form or policy in the first priority, shall first be exhausted; and

   (2) The maximum recovery under all Coverage Forms or policies in the second priority may equal but not exceed the highest applicable limit for any one vehicle under any one Coverage Form or policy affording coverage to an individual Named Insured or "family member".

d. If two or more Coverage Forms or policies have equal priority:

   (1) The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible for all insurers with equal priority;

   (2) The insurer thereafter is entitled to recover pro rata contribution from any other insurer for the benefits paid and the costs of processing the claim

5. The following condition is added:

**Arbitration**

a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

F. Additional Definitions

As used in this endorsement:

1. "Family member" means a person related to an individual Named Insured by blood, marriage or adoption, who is a resident of such Named Insured's household, including a ward or foster child.

2. "Occupying" means in, upon, getting in, on, out or off.

3. "Underinsured motor vehicle" means a vehicle for which the sum of all liability bonds or policies that apply at the time of an "accident" does not provide at least the amount an "insured" is legally entitled to recover as damages.

However, an "underinsured motor vehicle" does not include any vehicle designed for use mainly off public roads while not on public roads.

4. "Motor vehicle" means a vehicle which is self-propelled, except one which is propelled solely by human power or by electric power obtained from overhead trolley wires, but does not mean a vehicle operated upon rails.

© Insurance Services Office, Inc., 2012

CA 21 93 10 13

Case ID: 190502153

EXHIBIT C

Federated Internal Copy - fonts and format may vary from original

CA

**FEDERATED INSURANCE COMPANIES**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## UNINSURED AND UNDERINSURED MOTORISTS LIMIT OF INSURANCE

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM

In consideration of the premium charged, the limit for Uninsured and Underinsured Motorists Coverage as provided by your policy is modified as follows:

1. For all directors, officers, partners or owners of the named insured and their "family members" who qualify as "insureds" under the WHO IS INSURED of the Uninsured and Underinsured Motorists Coverage attached to this policy, the limit of insurance shall apply per "accident" as follows:

   $500,000 Uninsured Motorists

   $500,000 Underinsured Motorists                    This limit of insurance is for each "accident" and is the most we will pay for all damages resulting from any one "accident" or "loss" regardless of the number of directors, officers, partners, owners or family members involved unless otherwise stated in the Uninsured and Underinsured Motorists Coverage attached to this policy.

2. For any other persons qualifying as "insureds" under the WHO IS AN INSURED provision of the applicable coverage, the limit shown below shall apply per "accident". If no limit is shown below, no coverage is afforded to any other person.

                                                         This limit of insurance is for each "accident" and is the most we will pay for all damages resulting from any one "accident" or "loss" regardless of the number of other persons involved unless otherwise stated in the Uninsured and Underinsured Motorists Coverage attached to this policy.

3. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the highest limit shown above is the most we will pay for all damages resulting from any one "accident" or "loss" unless otherwise stated in the Uninsured and Underinsured Motorists Coverage attached to this policy. This paragraph does not provide additional coverage or limits not available under paragraphs 1 or 2 above.

4. For purposes of this endorsement, "family member" means a person related to the director, officer, partner or owner of the named insured by blood, marriage or adoption who is a resident of that individual's household including a ward or foster child.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

CA-F-63 (10-13)          Policy Number: 9176786          Transaction Effective Date: 04-10-2017

Case ID: 190502153

EXHIBIT D

## PENNSYLVANIA COMMERCIAL AUTOMOBILE UNDERINSURED MOTORIST PROTECTION OPTION FORM

Named Insured **Peter J Radocha**

City **Coaldale**     State **PA**     Account Number **131 - 291 - 7**

Pennsylvania law requires that Underinsured Motorist Coverage must be offered on all automobile liability policies at limits equal to your policy's Bodily Injury liability limit. The purchase of Underinsured Motorist coverage is optional. This document describes this coverage and the options available. No coverage is provided by this document. You should review your policy for complete information on the coverage you are provided.

Federated Insurance allows the Named Insured the option to select a limit of Underinsured Motorist coverage that will apply to the directors, officers, partners or owners of the named Insured and their family members who qualify as an insured and a different limit of Underinsured Motorist coverage that will apply to any other person who qualifies as an insured.

Please note that Underinsured Motorist Coverage limits are only available up to the Auto Liability Coverage limits of your policy, even though higher limit options may appear below.

Please make a selection in Section 1 and 2 below. Section 3 is optional.

**Section 1:** You may either select a limit OR reject coverage

Limit selection for directors, officers, partners or owners of the named Insured and family members who qualify as an insured.

- [ ] $35,000
- [ ] $50,000
- [ ] $100,000
- [ ] $300,000
- [x] $500,000
- [ ] $1,000,000

X _____   **3-24-16**
Signature of First Named Insured          Date

To reject coverage for directors, officers, partners or owners of the named Insured and family members who qualify as an insured, please read, sign and date below.

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

_____
Signature of First Named Insured

_____
Date

Page 1 of 2
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
F80-104.1 (PA-C.A.) (05-13)

**Section 2:** You may either select a limit OR reject coverage.

Limit selection for any other person who qualifies as an insured.

☐ $35,000
☐ $50,000
☐ $100,000
☐ $300,000
☐ $500,000
☐ $1,000,000

_____     _____
Signature of First Named Insured                    Date

To reject coverage for any other person who qualifies as an insured, please read, sign and date below.

### REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

X _____
Signature of First Named Insured

X      3-24-16
Date

### Section 3:

Optional Rejection of Stacked Underinsured Motorist Protection

If you have elected to purchase Underinsured Motorist Coverage, you have the option to reject stacked Underinsured Motorist Coverage for a reduced premium. You may reject stacked Underinsured Motorist Coverage by signing the waiver below.

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under this policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

X _____
Signature of First Named Insured

X      3-24-16
Date

**FEDERATED INSURANCE**

Federated Mutual Insurance Company
Federated Service Insurance Company
Home Office: Owatonna, MN 55060

Page 2 of 2
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
FBO-104.1 (PA-C.A.) (05-13)

# EXHIBIT E



Federated Mutual Insurance Company
PO Box 486
Owatonna, MN 55060-0486
Phone: (800) 533-0472
Fax:   (888) 636-8660
E-mail: pcclaims@fedins.com

November 13, 2018

ATTN MARVIN O. SCHWARTZ
LAW OFFICE OF MARVIN O. SCHWARTZ
PO BOX 589
BETHLEHEM PA 18016

RE:   Our Loss #:      469715
      Our Insured:     Radocka Peter J. & Sons, Inc.
      Your Client:     Jeffrey Sherer
      Date of Loss:    4/10/17

Dear Mr. Schwartz:

Federated Insurance is the auto insurance carrier for Radocka Peter J. & Sons, Inc. We acknowledge receipt of your letter of November 9th, in which you indicated you are pursuing an underinsured motorist claim for Jeffrey Sherer under the Radocka policy.

Radocka Peter J. & Sons, Inc. did not carry any underinsured motorist coverage for Mr. Sherer on the date of loss. I have attached the policy Declarations pages, the Schedule of Forms and Endorsement page and the policy endorsements CA 21 93 and CA-F-93 that pertain specifically to underinsured motorist coverage. As the attached forms show, Radocka Peter J. & Sons, Inc. carried no underinsured motorist coverage for "insureds" who are not directors, officers, partners or owners of the named insured and their "family members", as defined in the policy.

I have also attached a copy of Pennsylvania Commercial Automobile Underinsured Motorists Protection Option Form, which documents the coverage option chosen by the Radocka account.

If you have an questions regarding this correspondence, please advise. My direct dial phone number is 317-595-4588.

Sincerely,

Bruce Lemna
Claims Team Supervisor

# Exhibit "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SHERER<br>252 West Ridge Street<br>Coaldale, PA 18218 | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| FEDERATED MUTUAL INSURANCE<br>COMPANY<br>121 E. Park Square<br>Owatonna, MN 55060 | |
| Defendant. | |

STATE OF INDIANA      )
                      )  ss.
COUNTY OF HAMILTON  )

I, David Nichols, first being duly sworn on oath, depose and state as follows:

1.      I am a Claims Team Supervisor for Federated Mutual Insurance Company ("Federated"), the above-named defendant in this action, and as such I have personal knowledge of the facts herein.

2.      I work in the Indianapolis Service Office, which services workers' compensation claims submitted to Federated.

3.      In connection with the incident described in Paragraphs 6-7 of Plaintiff's Complaint, a claim for workers' compensation benefits for the Plaintiff named herein, Jeffrey Sherer, was made to Federated under Workers' Compensation Policy No. 9178788 issued to Rodocha Peter J. & Sons Inc.

4.      As a result of injuries sustained in the incident described in paragraphs 6-7 of Plaintiff's Complaint, Plaintiff named herein, Jeffrey Sherer, has incurred a minimum of $105,350.06 in medical expenses.

5.      As a result of incident described in paragraphs 6-7 of Plaintiff's Complaint, Plaintiff named herein, Jeffrey Sherer, has been paid $41,748.81 in workers compensation indemnity benefits.

6.      I make this Affidavit is support of Federated's Notice of Removal.

**FURTHER YOUR AFFIANT SAYETH NOT.**

_____
DAVID NICHOLS

Subscribed and sworn to before me on
this _5_ day of _June_____, 2019.

_____
Notary Public

TAMMY L. DOLLAR
Notary Public, State of Indiana
Madison County
Commission # 684151
My Commission Expires
June 2, 2024

-- 2 --

# Exhibit "C"



Haggerty, Goldberg, Schleifer, & Kupersmith, P.C.

James C. Haggerty
*Attorney at Law*
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street
Suite 2700
Philadelphia, PA 19103

phone:   (267) 350 – 6609
fax:      (215) 665 – 8201
email:    jhaggerty@hgsklawyers.com
web:     www.hgsklawyers.com

May 20, 2019

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
John J. Beichert
Mark J. Kogan
Julianna Merback Burdo •

Beth Bowers
Joseph P. Bradica •
Bethany Brooks
Matthew D. Colavita •
Ana R. Amarante-Craig •
Eileen V. Dooley
Michael Hagstotz •
Jason Anthony Lai
Miriam A. Newman •
Robin Schleifer Weiss •
Scott J. Schleifer •
Jeffrey K. Stanton •
Suzanne Tighe
Jason R. Weiss •

Special Counsel
Stephen David

Counsel
Irving L. Abramson
Sis-Obed Torres <

• Member of NJ Bar
< Member of NY Bar Only

Federated Mutual Insurance Company
121 East Park Square
Owatonna, MN  55060-0328

   Re: <u>Sherer v. Federated</u>

Dear Sir or Madam:

   Enclosed please find a Civil Action Complaint relative to the above matter. This Complaint has been filed in the Court of Common Pleas of Philadelphia County. Kindly note that you may wish to secure counsel to file a response to same in accordance with the Pennsylvania Rules of Civil Procedure.

   Service of the Complaint is being made by Certified Mail, Return Receipt Requested, pursuant to the Pennsylvania Rules of Civil Procedure and the International Interstate and Service of Process Act, 42 Pa.C.S.A. § 5321.  This service is in compliance with Pennsylvania law.  Please note your obligation to respond to this pleading.

        Very truly yours,

        HAGGERTY, GOLDBERG,SCHLEIFER
        & KUPERSMITH, P.C.

        *James C. Haggerty /s/*

        James C. Haggerty

JCH/cdh
Enclosure
cc: Scott Cooper, Esquire

Case 2:19-cv-02530-JD   Document 1   Filed 06/10/19   Page 48 of 52

FP© US POSTAGE
$008.05°
First-Class
ZIP 19103
05/21/2019
0344 008180380

legal



RECEIVED
MAY 2 4 2019
CORPORATE LEGAL DEPT

JCH
Haggerty, Goldberg, Schleifer & Kupersmith
1835 Market Street, Suite 2700
Philadelphia, PA 19102

Federated Mutual Insurance Company
121 East Park Square
Owatonna, MN 55060-0328



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY SHERER<br>252 West Ridge Street<br>Coaldale, PA 18218 | CIVIL ACTION |
| Plaintiffs, | |
| v. | |
| THE FEDERATED MUTUAL INSURANCE<br>COMPANY<br>121 E. Park Square<br>Owatonna, MN 55060 | |
| Defendant. | |

## NOTICE TO PLAINTIFF

TO:   James C. Haggerty, Esq.
      Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
      1835 Market Street, Suite 2700
      Philadelphia, PA 19103

      Scott D. Cooper, Esq
      Schmidt Kramer PC.
      209 State Street
      Harrisburg, PA 17101

*Attorneys for Plaintiff, Jeffery Sherer*

**PLEASE TAKE NOTICE** that defendant, Federated Mutual Insurance Company has

filed a Notice in the United States District Court for the Eastern District of Pennsylvania for

removal of an action now pending in the Court of Common Pleas of Philadelphia County,

Pennsylvania, captioned: Sherer v. Federated Mutual Insurance Co., Court of Common Pleas of

Philadelphia County, May Term, 2019, No. 002153.

22930390v.1

**FURTHER,** take notice that defendant, Federated Mutual Insurance Company has at the same time filed with the United States District Court for the Eastern District of Pennsylvania a copy of the Complaint served upon it in this action.   A copy of said Notice of Removal is attached to this Notice and is hereby served upon you.

**WHITE AND WILLIAMS LLP**

BY:_____
        Anthony L. Miscioscia, Esq.
        Konrad R. Krebs, Esq.
        **WHITE AND WILLIAMS LLP**
        One Liberty Place | 1650 Market St.
        Suite 1800
        Philadelphia, PA 19103
        (215)851-7000
        miscosciaa@whiteandwilliams.com
        *Attorneys for Defendant*
        *Federated Mutual Insurance Company*

Dated: June 10, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY SHERER<br>252 West Ridge Street<br>Coaldale, PA 18218 | : CIVIL ACTION<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>: |
| THE FEDERATED MUTUAL INSURANCE<br>COMPANY<br>121 E. Park Square<br>Owatonna, MN 55060 | :<br>:<br>:<br>: |
| Defendant. | :<br>:<br>:<br>:<br>: |

## **PROOF OF FILING**

TO:    THE CLERK OF COURT:

Anthony L. Miscioscia, attorney for defendant Federated Mutual Insurance Company,

hereby certifies that a copy of the foregoing Notice of Removal will be filed with the

Prothonotary of the Philadelphia County Court of Common Pleas immediately upon receipt of

the certified copy from the United States District Court for the Eastern District of Pennsylvania,

and served upon Plaintiff's counsel.

_____
Anthony L. Miscioscia

Dated:  June 10, 2019

22930390v.1

## CERTIFICATE OF SERVICE

I, Anthony L. Miscioscia, hereby certify that a true and correct copy of the within Notice of Removal was mailed by U.S. Mail, first-class, postage prepaid, to the following attorneys of record this 10th day of June, 2019.

James C. Haggerty, Esquire
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103

Scott D. Cooper, Esq.
Schmidt Kramer PC
209 State Street
Harrisburg, PA 17101

Anthony L. Miscioscia