IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY SHERER,**<br>　　　　　**Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **FEDERATED MUTUAL INSURANCE COMPANY,**<br>　　　　　**Defendant.** | **NO.  19-2530** |

DuBois, J.                                                                                                October 22, 2019

## M E M O R A N D U M

### I.  INTRODUCTION

This case arises out of the denial of underinsured motorist ("UIM") benefits.  Plaintiff, Jeffrey Sherer, seeks declarations that the denial and disclaimer of coverage by defendant, Federated Mutual Insurance Company, violated the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL") and the public policy of the Commonwealth of Pennsylvania. Presently before the Court is plaintiff's Motion to Remand (Document No. 2, filed June 14, 2019).  In his Motion, plaintiff requests that the Court decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* ("DJA"), because the case raises unsettled issues of state law.  For the reasons set forth below, the Court grants plaintiff's Motion to Remand.

### II.  BACKGROUND

On April 10, 2017, Sherer was operating a vehicle owned by his employer, Peter J. Radocha & Sons, Inc. ("Radocha"), when it was struck by another vehicle.  Compl. ¶¶ 6-7.  At the time of Sherer's accident, defendant provided insurance coverage for the Radocha vehicle. Compl. ¶¶ 16, 18.  The policy issued by defendant provided the following UIM coverage:

>       (a) $500,000.00 for Directors, Officers, Partners or Owners of the named
>       insured and their family members qualifying as insured; and
>       (b) no coverage for other persons qualifying as insureds.

Compl. ¶ 19.

Following the accident, plaintiff made a claim upon the other driver and her insurance provider, State Farm Mutual Automobile Insurance Company, seeking compensatory damages. Compl. ¶ 20. State Farm tendered the $25,000 liability limit under the driver's policy, which plaintiff contends was "insufficient to compensate . . . for the injuries and damages sustained in the . . . accident." Compl. ¶¶ 21-22.

Plaintiff then sought to recover UIM benefits from defendant under the policy issued to Radocha. Compl. ¶ 23. Defendant denied the claim on the ground that plaintiff's employer had properly waived UIM coverage for him pursuant to the requirements of the MVFRL. Compl. ¶ 24, 29.

Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County on May 21, 2019, seeking declarations that the Rejection of Underinsured Motorist Protection used by defendant failed to comply with the MVFRL (Count I); the denial of UIM benefits to employees who otherwise qualify as insureds violates the MVFRL (Count II); and that, because the MVFRL "contemplates a knowing and voluntary waiver of underinsured motorist coverage," the failure of defendant or plaintiff's employer to notify plaintiff of the waiver of coverage violated "the MVFRL and the public policy of the Commonwealth of Pennsylvania" (Count III). Pl.'s Mot. Remand Ex. A 5-12. Pursuant to 28 U.S.C. § 1332 and § 1441, defendant filed a Notice of Removal on June 10, 2016.

On June 14, 2019, plaintiff filed a Motion to Remand on the ground that the Court should decline to exercise its discretionary jurisdiction under the DJA. Plaintiff contends that remand is

appropriate because the action seeks only declaratory relief and Counts II and III raise issues of state law that have not yet been resolved by Pennsylvania appellate courts. Pl.'s Mot. Remand 13. Defendant filed its response on June 28, 2019. The Motion is thus ripe for review.

### III.  LEGAL STANDARD

Under the DJA, federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). As a result, district courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

While federal courts exercise "substantial" discretion in declaratory actions, this discretion is nonetheless "bounded and reviewable." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (citing *Reifer*, 751 F.3d at 140). The Third Circuit has set forth a "non-exhaustive" list of factors to consider when exercising DJA discretion:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer'ss duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a

3

policy exclusion.

*Reifer*, 751 F.3d at 146.

Of these factors, the "policy of restraint when the same issues are pending in a state court" has particular significance in this case.  While the existence of a parallel state proceeding strongly favors declining jurisdiction, the absence of such a parallel proceeding "militates significantly in favor of exercising jurisdiction."  *Reifer*, 751 F.3d at 144-45.

The Third Circuit has also instructed that where applicable state law is "uncertain or undetermined, district courts should be particularly reluctant" to exercise DJA jurisdiction.  *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000).  In *Summy*, the court made clear that "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court."  *Id.*  Accordingly, the absence of a pending parallel state proceeding may be outweighed by the "nature of the state law issue raised."  *Reifer*, 751 F.3d at 148.

### IV.     DISCUSSION

Plaintiff argues that, because he seeks only declaratory relief, the Court can decline to exercise its discretionary jurisdiction under the DJA.  Defendant contends that plaintiff's complaint does not seek purely declaratory relief as it aims to compel defendant to pay benefits.  Defendant also argues that the *Summy*/*Reifer* factors—particularly the absence of a parallel state proceeding and the nature of the state law issues—do not weigh in favor of remand.  The Court will address each argument in turn

#### A. Declaratory Nature of Relief Sought

Defendant contends that plaintiff's claims are merely "styled" as seeking declaratory

relief, pointing out that any judgment in plaintiff's favor will be used to compel defendant to pay benefits and that plaintiff's lawsuit should be viewed as a "damages claim." Def.'s Br. Opp'n 5, 7. Defendant emphasizes that a declaratory judgment should work prospectively to clarify "future rights" rather than to adjudicate matters "that have already happened." *Id.* at 6.

The Third Circuit has rejected similar attempts to avoid DJA discretion by framing declaratory actions as damages claims. In *Reifer v. Westport Ins. Corp.*, the Third Circuit made clear that "simply because additional recovery would likely flow to [the plaintiff] as a result of a declaration in her favor does not preclude applicability of the DJA." 751 F.3d at 136. In that case, a jury had already awarded damages to the plaintiff and she sought a declaration that the insurer "must pay" the judgment. *Id.* at 132. Even so, the court found that it was "not being asked to award damages," but simply to declare that the plaintiff was covered by the insurance policy at issue. *Id.* at 136. That the declaratory judgment was "not prospective" was of no consequence. *Id.* at 135.

In this case, defendant advances nearly identical arguments to those rejected by the Third Circuit in *Reifer*. As in *Reifer*, the "primary question" in this case is "one of coverage," which is a "common issue in declaratory judgments." *Id.* at 136. Thus, this case falls under the discretionary jurisdiction afforded by the DJA.

### B. Application of Relevant *Summy/Reifer* Factors

The Court concludes that factors one through four, as provided by *Reifer*, are neutral as applied to this case. In particular, there is no inconvenience for either party to litigate in state court in Philadelphia County, and there exists no public interest in settling state law issues in federal court. Moreover, factors six through eight are irrelevant to the present matter. All that remain are *Reifer*'s fifth factor, the absence of a parallel state proceeding, and the *Summy* court's

additional consideration—the nature of the state law issues raised. Accordingly, the Court's analysis turns on whether the nature of the state law issues outweighs the absence of a parallel state court proceeding.

    *1. Absence of Parallel State Court Proceedings*

Defendant contends that the absence of a parallel state court proceeding in this case creates a presumption in favor of maintaining jurisdiction. Def.'s Br. Opp'n 11.

While the absence of a parallel state proceeding does "militate[] significantly in favor of exercising jurisdiction," the Third Circuit has made clear that "it alone does not require such an exercise." *Reifer*, 751 F.3d at 144. In *Reifer*, the Third Circuit concluded that "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider when exercising its DJA jurisdiction." *Id.* at 143-44.

Thus, the absence of a pending parallel state proceeding in this case is merely one relevant factor, and this Court must consider whether it is "outweighed by opposing factors." *Id.* at 144.

    *2. Nature of State Law Issues Raised in Count III*

Plaintiff argues that Count III raises issues that "have not been resolved by the Pennsylvania Appellate Courts." Pl.'s Mot. Remand 13. Count III of the Complaint alleges that the MVFRL "contemplates a knowing and voluntary waiver of underinsured motorist coverage" and contends that the failure of defendant and plaintiff's employer to advise plaintiff of the waiver of coverage violated "the MVFRL and the public policy of the Commonwealth of Pennsylvania." Pl.'s Mot. Remand Ex. A 10-12.

Plaintiff's public policy argument was the subject of a Pennsylvania Court of Common Pleas decision, *Bielec v. American Intern. Group, Inc.*, No. 01440, 2016 WL 7157620 (Pa. Com.

Pl. Dec. 05, 2016). In *Bielec*, the court granted summary judgment in favor of an employee seeking UIM coverage, concluding in part that "an employer who fails to notify its employee driver that UIM coverage has been rejected is acting against public policy." *Id.* at *7. The court elaborated that "[t]wo dominant public policies underpin Pennsylvania's laws related to UIM coverage": containment of "the spiraling costs of automobile insurance," and facilitation of "the greatest possible auto insurance coverage to injured claimants." *Id.* at *8. Continuing, the court stated that "[n]otice is key to meeting both policy objectives" and courts must consider whether waiver was "knowing and voluntary." *Id.* at *9. For those reasons, among others, the *Bielec* court ruled that an employer's "waiver of UIM coverage for its commercial fleet vehicle without notice to its employee driver is void." *Id.* at *10. This argument was not addressed by the Pennsylvania Superior Court on appeal. *See Bielec v. Am. Int'l Grp., Inc.*, No. 336 EDA 2017, 2017 WL 6594061, at *5 n.4 (Pa. Super. Ct. Dec. 26, 2017).

Defendant contends that the Eastern District of Pennsylvania has "had no difficulty resolving the issue" raised in Count III, citing *Morales v. Travelers Prop. Cas. Co. of Am.*, No. 17-5579, 2019 WL 653088 (E.D. Pa. Feb. 14, 2019). Def.'s Br. Opp'n 18. The *Morales* court, in denying summary judgment in favor of the plaintiff, rejected the public policy argument advanced in *Bielec*, distinguishing its discussion as "dicta" that was "not a basis for the Superior Court affirming that decision." *Id.* at *5. The court further concluded that the argument was not supported by either Third Circuit and Pennsylvania Supreme Court precedent. *Id.* at *5. However, the decisions cited by the *Morales* court to support this conclusion—*Salazar* and *DiBartolo*—do not reflect that the issue is well-settled.

In *Salazar v. Allstate Ins. Co.*, the Pennsylvania Supreme Court held that a trial court may grant summary judgment in favor of a policy holder, even where notice provided by the insurer

7

failed to comply with the requirements of § 1791.1 of the MVFRL.  549 Pa. 658, 666-67 (Pa. 1997).  In *Travelers Indem. Co. of Illinois v. DiBartolo*, the Third Circuit similarly held that § 1791 of the MVFRL does not provide a private remedy if renewal notices are inadequate, and further concluded that an employer can waive UIM coverage for its employees.  171 F.3d 168, 170, 174 (3d Cir. 1999).  While these decisions are relevant in predicting state law on the issue of proper notice, they do not directly address the public policy argument raised by the *Bielec* court and by plaintiff in this case.  The question of whether public policy requires that employers notify their employees when coverage is waived remains unresolved by the state appellate courts.

In *Summy*, the existence of only "two trial court decisions" on the relevant issue, "but no appellate cases," rendered the question of state law unsettled.  *Id.* at 136.  In *Reifer*, the Third Circuit also considered that plaintiff's arguments implicated "the policies underlying" the state rules in finding that the issue was not settled.  *Reifer*, 751 F.3d at 149.  Defendant cites no appellate cases that resolve the issue raised in Count III.  Furthermore, plaintiff's claim in Count III would require the sensitive balancing of the policies underlying Pennsylvania's laws related to UIM coverage.  Thus, the Court concludes that Count III raises unsettled issues of state law "peculiarly within the purview of the Pennsylvania court system which are better decided by that system" and the absence of a parallel state proceeding in this case is outweighed.  *Reifer*, 751 F.3d at 137.[1]  For this reason the Court grants plaintiff's Motion to Remand.

## V.   CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand is granted and the Court remands this case to the Court of Common Pleas of Philadelphia County.  An appropriate Order follows.

---

[1] As the Court concludes that Count III raises unresolved issues of state law, the Court need not consider parties' arguments on the question whether Count II also raises unresolved issues of state law.